**15 CV 2008**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LAMONT GRAY,

**JUDGE SULLIVAN**

          Plaintiff,

-against-

          **COMPLAINT**

THE CITY OF NEW YORK, AMADO
SOSA, and JOHN DOE,

          **PLAINTIFF DEMANDS**
          Defendants.    **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Lamont Gray, by his attorneys Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

    1.    At all times hereinafter mentioned, plaintiff Lamont Gray was an adult male resident of New York County, in the State of New York.

    2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

    3.    At all relevant times hereinafter mentioned, defendant Amado Sosa was a police officer employed by New York City through its NYPD, with Tax Registration No.: 946284. Sosa is sued herein in his official and individual capacities.

    4.    At all relevant times hereinafter mentioned, defendant John Doe was a

police officer employed by New York City through its NYPD, but whose actual identity is unknown to plaintiff. Doe is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On January 18, 2014, at or about 12:35 a.m., plaintiff was lawfully present inside the apartment building located at 435 East 105 Street, in New York County, where he resided.

8. As plaintiff was exiting Apartment 16H, where he was an invitee of a neighbor, plaintiff encountered defendants Sosa and Doe.

9. Sosa and Doe were in uniform and on duty.

10. Sosa approached plaintiff with his gun drawn, pointed the gun at plaintiff's face, and asked, in sum and substance, why plaintiff was in the building and whether he was carrying any kind of contraband.

11. The tenant in 16H attempted to explain to the defendants that plaintiff was her guest and that he lived in the building. The defendants refused to speak with her and sent her back into her apartment.

2

12. Plaintiff attempted to explain to the officers that he lived on another floor and offered to show them his apartment. They instructed him to shut up, handcuffed him, and placed plaintiff in an elevator.

13. The defendants made clear to plaintiff that he was being arrested for trespassing.

14. On the way down, the elevator doors opened at an intermediate floor. A man on the landing whom plaintiff knew observed plaintiff and told the officers that plaintiff was a resident of the building. The officers ignored this information.

15. The officers escorted plaintiff to the lobby of his building in handcuffs and walked him to the street. Multiple people stated to the officers that plaintiff was a resident of the building. The officers continued to ignore the protestations of these people and the plaintiff, and walked him to and placed him in a marked police car parked on East 105 Street.

16. While plaintiff was sitting, still cuffed, in the vehicle, the person he was visiting in 16H, along with another person, approached the defendants and again tried to explain that he was her guest at the apartment and lived in the building. The officers again ignored the information and, as they had responded to such information previously, told these people to be quiet and threatened them with arrest.

17. An unmarked police car carrying two more police officers arrived at the location where defendants were parked and where plaintiff was being held in handcuffs.

18. The officers conferenced for a period of time, following which Sosa

3

returned to the vehicle, uncuffed plaintiff, issued him two criminal summonses, and told him to leave before he was arrested again.

19.  The two summonses Sosa issued were as follows: 4414920062, alleging criminal trespass, and 4414920045, alleging disorderly conduct.

20.  There was no basis for the issuance of either summons, as plaintiff was not trespassing and had not been disorderly at any time.

21.  At no time was there probable cause to arrest plaintiff, nor would it have been reasonable to believe such cause existed.

22.  Plaintiff was required to appear in criminal court, on pain of arrest, to answer the summonses, at which time he accepted and adjournment in contemplation of dismissal. The charges were formally dismissed on October 7, 2014.

23.  In writing the summonses, Sosa falsely accused plaintiff of trespassing and engaging disorderly conduct, when he knew these charges were factually and legally baseless.

24.  Sosa forwarded these false allegations to the New York County District Attorney ("NYDA") and New York Criminal Court ("NYCCC") in order to justify the arrest and summonses, and to persuade the NYDA and NYCCC to commence and/or continue the plaintiff's criminal prosecution.

25.  The defendants knew and understood that the NYDA and NYCCC were relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the plaintiffs.

26. Defendants were aware that the NYDA and NYCCC assumed that all of the factual statements, claims and allegations that defendants relayed, and were truthful in all material respects.

27. Defendants further knew and understood that they were obligated to provide any and all exculpatory information to the NYDA and NYCCC and that defendants were expected to turn over to or otherwise provide the NYDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

28. The NYDA and/or NYCCC, relying entirely on defendants' false representations, initiated the prosecution against plaintiff under the above summonses.

29. At no time did either of the defendants retract, modify, or correct the defendants' false claims which caused the initiation of plaintiff's prosecution.

30. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by their fellow officers against the plaintiff.

31. The defendants' illegal, unlawful, and unconstitutional actions against the plaintiff in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

32. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

33. Plaintiff repeats the allegations contained above as though stated fully herein.

34. Sosa used excessive force against plaintiff when he pointed his hand gun at plaintiff's face at the time of the initial stop and seizure.

35. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

36. The individual defendants fabricated evidence in order to manufacture probable cause for the plaintiff's arrest, and to cover up their unlawful conduct.

37. The defendants jointly engaged in the above conduct or otherwise failed to intervene during the commission of this unconstitutional conduct.

38. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, excessive force, and denial of due process and his right to a fair trial through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

40. Plaintiff repeats the allegations contained above as though stated fully herein.

41. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

42. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

43. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD

business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

44. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

45. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

46. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

47. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

48. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

49. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action, actual damages in an amount to be determined at trial; and

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: March 15, 2015
New York, New York

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

By: _____
Michael B. Lumer (ML-1947)